## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Case No. 21-cr-598-PLF-02 |
| | | Hon. Paul L. Friedman |
| TERRANCE SUTTON and | * | Next Event:  Status 10/4/2021 |
| ANDREW ZABAVSKY, | | |
| Defendants | * | |

        *         *         *         *         *

## ZABAVSKY's OPPOSITION TO GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

Defendant, Lieutenant ANDREW ZABAVSKY, by and through undersigned counsel, hereby request that the Court deny Government's Motion for Protective order and immediately disclose discovery per its local rule and promises made by the government in order for it to obtain a Speed Trial Waiver in the September 24, 2021 arraignment.

## BACKGROUND

Lieutenant ANDREW ZABAVSKY, has been indicted on one count of Conspiracy in violation of 18 U.S.C. § 371 and one count of Obstruction of Justice 18 U.S.C. § 1512(b)(3) and (2).  Lt. Zabavsky was arraigned and had a bail hearing conducted on September 24, 2021.  The Court released him subject to enhanced observation conditions   Further, the magistrate judge ruled to exclude speedy trial

time per the promise by the Government to provide discovery before the next court date on October 4, 2021.

Remarkably, contrary to its assertions in the September 24, 2021 hearing, the government added a condition precedent to release discovery to the defendants. This despite assurances that counsel would keep documents produced in confidence (see letter provided in government motion by Zampogna, P.C. and exhibit A).

After release of the indictment against my client, Lt. Zabavsky, without any exchange of information with his counsel, now the government delays further release of even the most basic information.   This notwithstanding a press release by the DOJ about the case.[1]

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 16, the Government is required to "produce, upon the defendant's request, any documents and data that are material to preparing the defense." *United States v. Cudd*, 2021 WL 1564493, at *2 (D.D.C. Apr. 21, 2021) (quoting *United States v. Dixon*, 355 F. Supp. 3d 1, 3 (D.D.C. 2019)). Only for good cause, the Court may "deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d). The Government bears the burden of showing good cause. *See United States v. Johnson*, 314 F. Supp. 3d 248, 251 (D.D.C. 2018) (citation omitted). Once good cause has been shown, the Court has "vast" discretion to fashion an appropriate protective order. *See id.* at 251 (citing *United States v. O'Keefe*, 2007 WL 1239204, at *2 (D.D.C. Apr. 27, 2007)).

---

[1] See https://justice.gov/usao-dc/pr/two-officers-indicted-charges-death-20-year-old-karon-hylton-brown.

Unlike *Cudd*, this case is not one with the great volume or "simply huge" of information contained in the January 6, 2020 events at the Capitol (*Cudd* at 6).

### ARGUMENT

The Government asks for a protective order despite the documents not being sensitive in nature and in an effort to deny the fair use of the evidence by the Lt. Zabavsky.  It does not provide a specific basis for Zabavsky to review and provide an opposition.  Instead, it masks its request in generality including but not limited to description of the information as personal identity information, information that might jeopardize witness security, medical or mental health information, grand jury material protected under rule 6, personnel and employment material, etc.. see Gov't motion or Protective Order 3.

**Government has not provided an assertion of "good cause" that the disclosure of materials would pose a hazard to others and the protective order should not be granted.**

The Government has not provided any assertion or proffer that 'disclosure of the materials in question would pose a hazard to others.' *Dixon*, 355 F. Supp. 3d at 4.  Defendant, Zabavsky, has not been provided any information, except an indictment, and only recently been involved in this case.   To limit his use, or disclosure to others which may assist him in this matter adversely affects his defense.

Further, the Government had asked that and the Magistrate Judge granted its exclusion of speedy trial time based on its promise to release information before the

October 4, 2021. Magistrate judge even warned of consequences if some disclosure not provided to defense before this date.

But, rather than provide even basic disclosure, no information has been provided, and when asked to provide a list of witnesses that might face some type of jeopardy from the defendants. The Government claimed that 24 witnesses were in jeopardy, in contravention to its assertion that there might be 5 or so, in the September 24, 2021 arraignment. This restriction will affect the ability of the defendant to prepare for a fair trial. And, if this recent action by the Government is the standard to judge future disclosure, the Government will rely on the good will of the court to grant its request without any foundation for good cause.

Zabavsky reminded the government in its September 30, 2021 letter of its obligations to provide discovery and even provided some categories to provide it upon (see Attachment A). The Government provided no discovery nor indicated the universe of discovery it had to provide, nor a reason to withhold this information.

Further, in its motion, the Government fails to provide even the most basic description of the universe of information to be disclosed. Unlike *Cudd,* where there was a "huge" amount of information, we have no assertion that in this case that there is an overly burdensome amount of discovery to disclose.

This pattern by the Government to obfuscate and withhold information without any foundation of good cause shown prejudices Zabavsky. The Government merely states in its motion that "there is not prejudice to defendant for a restriction on disclosing information beyond the defense team." (see Government's

motion page 5).   Under this reasoning, there should an amendment of the federal rules of disclosure (rule 16) to include this blanket request on all matters provided in federal criminal court.

Without any reason to provide this disclosure other than the usual personal information which Zabavsky consents, the Government's motion should not be granted.

**CONCLUSION**

Government fails to provide a most basic reason of "good cause" to use a protective order, not even defining the universe of information it is likely to disclose, or the reasons specifically for non-disclosure, and the discovery information must be provided per local rule 5.1.  And, any excluded speedy trial time be reinstated to the case.

WHEREFORE, ZABAVSKY requests with the exception of 49.1 and discovery be forthcoming immediately and any speedy trial time that had been excluded be added back to the case.

Dated : Washington DC
October 3, 2021

/s/ Christopher A. Zampogna
Christopher A. Zampogna (#449851)
Zampogna P.C.
1776 K St. NW ste 700
Washington, DC 200006
(202)-223-6635
Caz@zampognalaw.com

Attorneys for Defendant Andrew Zabavsky

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 3th day of October, 2021, a copy of motion for

modification of terms of release was filed and served via ECF upon the following:

U.S. Attorney for the District of Columbia
AUSA Berkower and Baset


 /s/ Christopher A. Zampogna
Christopher A. Zampogna

6

**Exhibit A**

# Zampogna, P.C.

**Attorneys at Law**

1776 K St, N.W. Suite 700 Washington, DC 20006
Tel.: 202.223.6635 * www.zampognalaw.com

September 30, 2021

**VIA ELECTRONIC TRANSMISSION ONLY**

Risa Berkower
Ahmed Baset
Assistant United States Attorneys
Public Corruption and Civil Rights Section
U.S. Attorney's Office,
555 4th Street, NW
Washington, D.C. 20001

Re: Voluntary Demand for Discovery of Material Related to the Indictment of
Zabavsky, Andrew per LCrR 5.1
Indictment 21-cr-598-2PLF

Dear Ms. Berkower and Mr. Baset:

We have your motion for protective order, and per the local aforementioned rule
and our assurance in our letter dated September 28, 2021 of confidentiality, request
disclosure of material in the above referenced matter pending decision by the court of
on your motion.   Specifically, in that letter we stated "My office will maintain the
confidentiality of the information you provide until an order from the Court."

And, rather than provide such information you have instead filed a motion which
we will be responding to.

Per the local rule 5.1 disclosure is described as follows:

 **(a)**  Unless the parties otherwise agree and where not prohibited by law, the government
shall disclose to the defense all information "favorable to an accused" that is "material
either to guilt or to punishment" under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and
that is known to the government. This requirement applies regardless of whether the
information would itself constitute admissible evidence. The information, furthermore,
shall be produced in a reasonably usable form unless that is impracticable; in such a
circumstance, it shall be made available to the defense for inspection and copying.
Beginning at the defendant's arraignment and continuing throughout the criminal
proceeding, the government shall make good-faith efforts to disclose such information to
the defense as soon as reasonably possible after its existence is known, so as to enable the
defense to make effective use of the disclosed information in the preparation of its case.

**(b)**  The information to be disclosed under (a) includes, but is not limited to:

1. Information that is inconsistent with or tends to negate the defendant's guilt as to any element, including identification, of the offense(s) with which the defendant is charged;
2. Information that tends to mitigate the charged offense(s) or reduce the potential penalty;
3. Information that tends to establish an articulated and legally cognizable defense theory or recognized affirmative defense to the offense(s) with which the defendant is charged;
4. Information that casts doubt on the credibility or accuracy of any evidence, including witness testimony, the government anticipates using in its case-in-chief at trial; and
5. Impeachment information, which includes but is not limited to: (i) information regarding whether any promise, reward, or inducement has been given by the government to any witness it anticipates calling in its case-in-chief; and (ii) information that identifies all pending criminal cases against, and all criminal convictions of, any such witness.

Specifically, we ask that all documents as defined in Fed. R. Civ. P. 34(a)(1), which reflect upon the following:

1. Documents which evidence authority of Acting US Attorney Channing Phillips to sign Indictment returned by Grand Jury
2. Documents indicating USAO, DOJ, FBI and/or Grand Jury were investigating possible violations of 18 U.S.C. §242.
3. Documents Indicating whether Grand Jury was asked to return an indictment including a charge of violating 18 U.S.C. §242
4. Documents reflecting the notice requirements contained in the Justice Manual 8-3.120
5. Documents related to the determination whether this case is one of national interest pursuant to the Justice Manual 8-3.130
6. Documents related to the notices and approvals required by the Justice Manual 8-3.140.
7. Any information related to the indictment of Andrew Zabavsky.

We ask that you provide your discovery immediately, and assure you our intention to keep such information confidential.

Sincerely,
s/ Christopher A. Zampogna
Christopher A. Zampogna

SC:cz
cc. J.Michael Hannon

9

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | | |
|---|---|---|---|---|
| UNITED STATES OF AMERICA, | * | | | |
| | * | | | |
| v. | * | Case No. 21-cr-598-PLF-02 | | |
| | | Hon. Paul L. Friedman | | |
| TERRANCE SUTTON and | * | Next Event:  Status 10/4/2021 | | |
| ANDREW ZABAVSKY, | | | | |
| Defendants | * | | | |

*          *          *          *          *

### ORDER

UPON consideration of the Government's Motion for Protective order and

Zabavsky's response the motion is hereby:


DENIED and all time between the arraignment and the initial status conference be

added to the calculation of speedy trial time.


_____

Judge

10