UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 21-0598 (PLF)
)
TERENCE SUTTON )
and )
ANDREW ZABAVSKY, )
)
Defendants. )

---

MEMORANDUM OPINION AND ORDER

On June 29, 2022, defendant Terence Sutton filed two motions to dismiss, and defendant Andrew Zabavsky filed one motion to dismiss, pursuant to Rule 12 of the Federal Rules of Criminal Procedure. See Terence D. Sutton, Jr.'s Motions to Dismiss the Indictment for Prosecutorial Misconduct in the Grand Jury and to Disclose the Full Record of Matters Occurring Before the Grand Jury ("Sutton GJ Mot.") [Dkt. No. 185]; Terence D. Sutton, Jr.'s Motions to Dismiss the Indictment Pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v) ("Sutton Mot.") [Dkt. No. 188]; Defendant Zabavsky's Motions to Dismiss the Indictment Pursuant to Rule 12 of the Federal Rules of Criminal Procedure ("Zabavsky Mot.") [Dkt. No. 187]. The Court heard extensive oral argument on the Rule 12 motions on Tuesday, July 26, 2022.[1]

---

[1] The Court reviewed the following documents and their attachments: Terence D. Sutton, Jr.'s Motions to Dismiss the Indictment for Prosecutorial Misconduct in the Grand Jury and to Disclose the Full Record of Matters Occurring Before the Grand Jury ("Sutton GJ Mot.") [Dkt. No. 185]; Defendant Zabavsky's Motions to Dismiss the Indictment Pursuant to Rule 12 of the Federal Rules of Criminal Procedure ("Zabavsky Mot.") [Dkt. No. 187]; Terence D. Sutton, Jr.'s Motions to Dismiss the Indictment Pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v) ("Sutton Mot.") [Dkt. No. 188]; United States' Omnibus Opposition to Defendants' Motions to Dismiss ("Gov't Opp.") [Dkt. No. 196]; Defendant Andrew Zabavsky's Reply to Government's

Mr. Sutton's first motion to dismiss [Dkt. No. 185] sought dismissal of the indictment due to allegations of prosecutorial misconduct before the grand jury, as well as the production of the grand jury minutes and an evidentiary hearing. See Sutton GJ Mot. at 1, 41. Mr. Sutton's second motion to dismiss [Dkt. No. 188] sought dismissal of all three counts in the indictment for failure to state an offense under Fed. R. Crim. P. 12(b)(3)(B)(v). See Sutton Mot. at 1. Mr. Zabavky's motion to dismiss [Dkt. No. 187] sought dismissal of Counts Two and Three of the indictment and argued that the indictment "lacks specificity, fails to state an offense, selectively prosecutes Officer Zabavsky, and had an error in the grand-jury proceeding." Zabavsky Mot. at 5.

At oral argument, Michael Hannon, counsel for Mr. Sutton, focused his presentation about grand jury abuse on a new argument raised for the first time in Mr. Sutton's reply brief. See Transcript of Motion Hearing, July 26, 2022 ("Oral Argument Tr.") [Dkt. No. 213] at 72:20-78:18; see also Sutton GJ Reply at 9-12 (asserting that the summary witness presented to the indicting grand jury "did not summarize any of the testimony given by other witnesses before other grand juries"). Recognizing that this was a new issue that had not been fully briefed by either party, the Court ordered supplemental briefing exclusively on the issue of "multiple grand juries and a summary witness." Oral Argument Tr. at 91:7-14. The Court directed the government to file a response to Mr. Sutton's reply brief on or before August 9, 2022; and directed Mr. Sutton and Mr. Zabavsky to file a reply to the government's response on or before August 19, 2022.

---

Opposition to Zabavsky's Motion to Dismiss ("Zabavsky Reply") [Dkt. No. 199]; Terence D. Sutton, Jr.'s Reply in Support of His Motion to Dismiss the Indictment Pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v) ("Sutton Reply") [Dkt. No. 200]; Terence D. Sutton, Jr.'s Reply in Support of His Motion to Dismiss the Indictment for Prosecutorial Misconduct in the Grand Jury ("Sutton GJ Reply") [Dkt. No. 201].

On August 3, 2022, defendants and counsel for all parties appeared in open court via Zoom videoconference to hear the Court's ruling on some of the motions. For the reasons stated on the record, the Court denied in its entirety Mr. Sutton's motion to dismiss for failure to state a claim and denied the portions of Mr. Zabavsky's motion seeking dismissal based on the indictment's lack of specificity and failure to state an offense, as well as his claim of selective and vindictive prosecution. In all other respects, Mr. Zabavsky's motion was held in abeyance. Accordingly, it is hereby

ORDERED that Mr. Sutton's Motion to Dismiss the Indictment Pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v) [Dkt. No. 188] is DENIED; and it is

FURTHER ORDERED that Mr. Zabavsky's Motion to Dismiss the Indictment Pursuant to Rule 12 of the Federal Rules of Criminal Procedure [Dkt. No. 187] is DENIED in part and HELD IN ABEYANCE in part.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 4, 2022