UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-598-PLF-01 |
| | : | |
| TERENCE SUTTON and | : | Hon. Paul L. Friedman |
| ANDREW ZABAVSKY, | : | |
| | : | |
| Defendants. | : | |

### TERENCE D. SUTTON, JR.'S MOTION
### FOR RELIEF FROM THE GOVERNMENT'S VIOLATION
### OF HIS FIFTH AMENDMENT RIGHTS IN CLOSING ARGUMENT

Defendant, Terence D. Sutton, Jr., by and through counsel, HANNON LAW GROUP, LLP, respectfully moves this Court to dismiss the Indictment for prosecutorial misconduct in closing argument.

### ARGUMENT

In his initial closing argument, AUSA Ahmed Base explicitly commented on Ofc. Sutton's assertion of his Fifth Amendment right to remain silent at trial:

> But this is not complicated, even though it might sound like it, and that's because it does not matter.
>
> And here's why: First, there has been absolutely no evidence about what was in Mr. Sutton's mind at the time he was pursuing Mr. Hylton-Brown. Nobody knows. So who knows what he was actually thinking?

Tr. 12/14/2022 AM at 28.

In *United States v. Monaghan*, 741 F.2d 1434, 1439 (D.C. Cir. 1984), the prosecutor violated the Fifth Amendment rights of the defendant in the following argument:

> So, where in the evidence, ladies and gentlemen, is the proof of guilt in this proceeding?
>
> Well, ladies and gentlemen, I would suggest to you first and principally it comes from the testimony, the oral sworn testimony, of Todd Dunning Bart. His evidence is uncontradicted at this point that he had sex with Eric Monaghan.

Now, when you listen to defense counsel they may argue to you that there, indeed, were contradictions. But listen to their argument carefully. I invite you to do that, please. And, you listen for the part of their argument that directs your attention to any evidence that you have heard or seen that contradicts Todd Bart that he had sex with Eric Monaghan.

In affirming the conviction over the dissent of Judge Edwards, the Court stated:

Finally, the District judge denied defense counsel's proper requests for curative instructions. Under the circumstances of this case, error might nonetheless have been rendered harmless had the judge instructed the jury—preferably when the comments were made, but at least at the end of argument—that the prosecutor's remarks on Monaghan's decision not to testify were improper and must be disregarded. The judge need not have given precisely the instruction proposed by defense counsel but should have agreed to give an instruction that went further than the standard instruction.

Id. at 1446-47 (footnotes omitted).

Defendants have asserted numerous violations of their rights by AUSA Ahmed Baset in closing argument. Ofc. Sutton requests that the appropriate remedy for this violation of his constitutional rights by the government be deferred until there is an assessment of other errors alleged in AUSA Baset's closing argument.

WHEREFORE, Ofc. Sutton respectfully requests that the Court find this comment a violation of his Fifth Amendment right to remain silent, and grant such relief as may be appropriate, up to and including dismissal of the indictment.

Dated: December 15, 2022

Respectfully submitted,

HANNON LAW GROUP, LLP

*s/J. Michael Hannon*
J. Michael Hannon, #352526
1800 M Street, NW, Ste 850 S
Washington, DC 20036
Tel: (202) 232-1907
Fax: (202) 232-3704
jhannon@hannonlawgroup.com

*Attorney for Defendant Terence D. Sutton, Jr.*